**Alfred J. BIANCO, as Plan Administrator to the Estate of Gaston & Snow est Gaston & Snow, Plaintiff—Appellee,**

**Gregory Todd Erkins; Melissa Rackish, (Erkins); Melinda Becker, (Erkins); Marla Goss, (Erkins); Melanie Burk, (Erkins); Robert Randolph Erkins;**

Mara Roveda, (Erkins); Melonni Shields, (Erkins); Megan Gilbert, (Erkins); Timothy Beekner Erkins, Petitioners—Appellants,

v.

**Robert A. ERKINS; Bernardine Erkins, Defendants— Appellees.**

Alfred J. Bianco, as Plan Administrator to the Estate of Gaston & Snow est Gaston & Snow;, Plaintiff—Appellee,

**Marla Goss, (Erkins); Melanie Burk, (Erkins), Petitioners— Appellants,**

v.

**Robert A. Erkins; Bernardine Erkins, Defendants—Appellees.**

Nos. 02–35219, 02–35261.
D.C. No. MC–00–05065–BLW/LMB.

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 6, 2003.

Submitted Dec. 22, 2003.*

Decided Dec. 24, 2003.

---

* The third underlying case in this consolidated appeal, No. 02–35218, is stayed pursuant to 11 U.S.C. § 362 pending the outcome of the proceedings related to Appellants Robert and Bernardine Erkins' Chapter 11 Petition in the United States Bankruptcy Court for the Middle District of Florida or pending relief from the automatic stay.

Edwin A. McCabe, McCabe Brown Tipton, P.C., Joseph H. Reinhardt, Douglas M. Marrano, The McCabe Group, Boston, MA, for Plaintiff–Appellee.

William L. Mauk, Mauk & Burgoyne, Lawrence Sirhall, Boise, ID, for Petitioners–Appellants.

H. James Magnuson, Coeur d'Alene, ID, for Defendants–Appellees.

Before WARDLAW, GOULD, and PAEZ, Circuit Judges.

## MEMORANDUM**

Intervenors–Appellants ("Intervenors") joined the underlying execution proceeding to prevent Plaintiff–Appellee ("Bianco") from selling several pieces of artwork that Intervenors allege they own. The artwork was seized by a U.S. Marshal at Bianco's direction on June 22, 2000 and was sold at a foreclosure auction to satisfy a judgment against the Intervenors' parents, Robert and Bernardine Erkins ("the Erkins").

The district court found that the Intervenors had actual and constructive notice that Bianco seized the artwork, and that the Intervenors' claims that the property was exempt from execution were foreclosed by the Intervenors' failure to timely file a required claim of exemption within fourteen days of seizure. *See* Idaho Code § 11–203 (2003). The Intervenors contend that their due process rights were violated because Bianco did not adhere to the notice requirements set forth in Idaho Code §§ 8–507 and 8–507A. The Intervenors seek a reversal of the district court's ruling and ask us to "declare the levy and seizure of their property interests void and direct the [district court] to order appellee and its agents to relinquish and return their property or to accord them other full relief consistent with this Court's decision."

The Intervenors' appeal is moot. "A controversy is moot, and therefore nonjusticiable, when it is no longer 'ongoing,' or where the court is no longer capable of 'affect[ing] the rights of litigants in the case before [it].'" *DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ.*, 196 F.3d 958, 963 n. 1 (9th Cir.1999). The artwork that lies at the heart of the Intervenors' appeal was sold at the Marshal's sale on February 12, 2002, which the district court authorized in its February 6, 2002 memorandum decision and order. The Intervenors in this action asserted no claim in the district court except a claim that their property was exempt and that they had received inadequate notice of the seizure in violation of their due process rights. The Intervenors did not assert any other claims or remedies. The district court issued its ruling after entertaining a number of motions to reconsider its initial decision to allow Bianco to proceed with execu-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion of the judgment lien on the Erkins' real and personal property seized by the U.S. Marshal. Because the property has been sold, and because no claim for damages was asserted in the district court, the Intervenors' claim to the artwork, which underlies this appeal, became moot.

The district court stated in its February 6, 2002 memorandum decision and order:

Given the Court's decision to deny Defendants' and Intervenors' motions to reconsider, the Court will also deny their motions to stay as they relate to Rule 62(b), which permits a stay pending disposition of motions for new trial or to alter or amend a judgment. With respect to Defendants' and Intervenors' motions to stay, as they relate to an appeal, Rule 62(d) provides that a claimant may post a bond at or after the filing of a notice of appeal, and such a stay is effective when the bond is approved. Neither Defendants nor Intervenors have produced such a bond in this case, nor have they shown any intention to do so. Therefore, the Court will deny the motions.

The record reflects that neither the Erkins nor the Intervenors posted the requisite supersedeas bond that might have led the district court to stay the execution on the property. The foreclosure sale took place as scheduled. Insofar as we are asked to review the district court's ruling on the Intervenors' due process claims relating to whether the property was exempt from execution and whether they had adequate notice of seizure, the appeal in this action is now moot.

Intervenors Marla Erkins Goss and Melanie Erkins Burk in Case No. 02–35261 appeal a number of evidentiary rulings. Because the Intervenors' challenge to the seizure of the artwork and execution on it is moot in light of its sale, we need not reach the issues Goss and Burk raise on appeal.

The district court's judgment is **VACATED** and the district court is instructed to dismiss the action as moot.

**VACATED and REMANDED with instructions.**